# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

## CIVIL NO.  1:08CV318

| | | |
|---|---|---|
| SOUTHERN ALLIANCE FOR CLEAN ENERGY; ENVIRONMENTAL DEFENSE FUND; NATIONAL PARKS CONSERVATION ASSOCIATION; NATURAL RESOURCES DEFENSE COUNCIL; and SIERRA CLUB, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | <u>J U D G M E N T</u> |
| DUKE ENERGY CAROLINAS, LLC, | ) ) | |
| Defendant. | ) ) | |

For the reasons set forth in the Memorandum and Order filed herewith,

**IT IS, ORDERED, ADJUDGED, AND DECREED** that the Plaintiffs' motion for summary judgment on standing and liability is **ALLOWED**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that:

1.     This Court has and retains subject matter jurisdiction of this action.

2.  The Plaintiffs have standing to bring this action challenging the legality of Defendant's failure and refusal to participate in a formal MACT proceeding.

3.  The Cliffside Unit 6 qualifies as a potential "major source" of HAPs, subject to regulation under § 112.

4.  The Division of Air Quality of the North Carolina Department of Environmental and Natural Resources has the authority and duty to enforce the requirement of a full MACT proceeding and to modify its previously issued construction permit if the proceeding indicates such is necessary to comply with the requirements of current law.

5.  The Defendant shall, within a period not to exceed 10 days from entry of this Judgment, proceed to initiate and participate in a case-by-case type MACT public process proceeding before the Division of Air Quality of the North Carolina Department of Environmental and Natural Resources which is consistent with DAQ and § 112 standards.  The process shall be completed within a timeline of 60 days from the date of entry of this Judgment.

6.    If Defendant has not initiated and agreed to participate in the required proceeding within the 10-day period ordered above, the DAQ shall immediately notify this Court.

7.    The Court, in the interest of comity and federalism, abstains at this time from further involvement in the state permitting process, but retains jurisdiction to review the ongoing MACT process ordered herein to assure its compliance with current federal law and to intervene if necessary to accomplish this end.

8.    The Clerk shall provide copies of this Judgment and the Court's Memorandum and Order by mailing the copies *via* **PRIORITY MAIL, RETURN RECEIPT REQUESTED**, to B. Keith Overcash, P.E., Director, North Carolina Department of Environment and Natural Resources, Division of Air Quality, 1641 Mail Service Center, Raleigh, North Carolina, 27699-1641.

Signed: December 2, 2008

Lacy H. Thornburg
United States District Judge